IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


GAIL CLAYTON, THOMAS ALLEN CLAYTON, )
)
Plaintiffs, )
)
v. )        1:12CV1158
)
CITY OF BURLINGTON IN NORTH )
CAROLINA, CLYDE ALBRIGHT, )
NORTH CAROLINA ADMINISTRATIVE )
OFFICE OF THE COURT, THE BURLINGTON )
POLICE DEPARTMENT, ALAMANCE COUNTY )
SHERIFF'S OFFICE, )
)
Defendants. )


MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This civil action is before the Court on the Defendants' Motions to Dismiss [Doc. #23,

#26, #29] and Plaintiffs' Motion to Amend Complaint [Doc. #34]. Plaintiffs Thomas and Gail

Clayton are proceeding *pro se* in this action, which arises out of the foreclosure of their home

and/or business in Alamance County, North Carolina. Defendants Clyde Albright, the City of

Burlington, the Burlington Police Department, and the Alamance County Sheriff's Office have

all moved to have all claims against them dismissed pursuant to Federal Rule of Civil Procedure

12(b)(6) or (b)(2). In addition, Plaintiffs Gail and Thomas Clayton have filed a Motion to

Amend their Complaint. Plaintiffs were advised of their right to respond to each motion, and

they filed a Response [Doc. #32].  For the reasons that follow, the Court recommends that Defendants' Motions to Dismiss be granted, and that Plaintiff's Motion to Amend be denied.[1]

I.      FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiffs allege in their Second Amended Complaint [Doc. #21] that they reside and operate a business in Alamance County, North Carolina.  Their First Cause of Action alleges a First Amendment violation.  Plaintiffs claim that "certain state officials have had ex parte hearings involving serious issues that would have and has had great harmful impact on the people." (Am. Compl. [Doc. #21] at 2.)  Plaintiffs further allege that since 2011 they have "suffered continuous discrimination and abuse from actions by state officials, stemming from unconstitutional rules and unlawful procedures as a method to cover up federal fund fraud and mortgage fraud." (Id.)  Plaintiffs claim that the only Defendant named in this count, the North Carolina Administrative Office of the Court ("NCAOC"), "has implemented judicial rules over issues of real estate/property interest involving foreclosure procedures, which conflict with federal laws that protect people from tyrants and bullies." (Id.)  Plaintiffs also allege that Defendant NCAOC "has been selling people's personal information without consent." (Id.)

Plaintiffs' second cause of action is based upon the Fourth Amendment.  Plaintiffs allege that Defendant NCAOC "has incorporated others to participate in unconstitutional actions involving different Branchs [sic] of government." (Id. at 3.)  They claim that the Burlington Police Department arrested Plaintiff Gail Clayton "for entering her own home," although "the complaint was verbally filed by a real estate broker using names that never appeared on Plaintiffs

---

[1] Plaintiffs attempted to serve Defendant North Carolina Administrative Office of the Court [Doc. #35], but it does not appear to have been properly served and has not entered an appearance in this action.

foreclosure or Register of Deeds." (<u>Id.</u>) They accuse the Burlington Police Department of elder abuse and discrimination.

Plaintiffs' third cause of action is based upon the Ninth Amendment. They allege that the Alamance County Sheriff's Office "threw Plaintiffs off their own property without ever going to court; unlawfully used imposters and fraud to create a puzzle scheme." (<u>Id.</u> at 4.) Plaintiffs also allege that they asked the police department to "help when their care [sic] was stolen, but the BPD said it was a civil matter and couldn't help." (<u>Id.</u> at 5.)

Plaintiffs' fourth cause of action is based upon 15 U.S.C. § 1692, which sets out Congressional findings regarding consumer debt collection practices. Plaintiffs allege that North Carolina has failed to implement this statute "to demand banks and non banks to Provide and audit with all credits before proceeding to foreclosure." (<u>Id.</u>) Plaintiffs state that they have repeatedly asked for an audit pursuant to this statute.

Plaintiffs' fifth cause of action is for violations of the Thirteenth Amendment. Plaintiffs allege that the NCAOC has "abused its authority" by somehow taking Plaintiffs' earnings. Plaintiffs also allege that the City of Burlington "has failed to disclose information concerning financial arrangements; Defendants are claiming Plaintiffs are their slaves and have been for over 30 years." (<u>Id.</u> at 5.)

As relief, Plaintiffs seek an award of "attorney fees and their lawful property rights and any other positive award or grant to Plaintiffs." (<u>Id.</u> at 6.)

II.    DISCUSSION

A.    Standard – Rule 12(b)(6)

A plaintiff fails to state a claim on which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

B.    Defendant Albright

Defendant Albright moves to dismiss because Plaintiffs' second amended Complaint fails to allege any facts at all against him. (Br. [Doc. #24].)  The only mention of Defendant Albright is a handwritten addition of his name as a Defendant in the caption of the Complaint.  Plaintiffs have failed to plead sufficient factual matter to state a claim for relief against Defendant Albright.  See Ashcroft, 556 U.S. at 678.  Defendant Albright's Motion to Dismiss all claims against him should therefore be granted.

C.    Alamance County Sheriff's Office

Defendant Alamance County Sheriff's Office ("Defendant Sheriff's Office") moves pursuant to Federal Rules of Civil Procedure 12(b)(2) and 17 to dismiss all claims against it. (Br. [Doc. #27].) Defendant Sheriff's Office argues that this Court lacks jurisdiction over it because it is not a legally suable entity under North Carolina law.  (Id.)  Under Federal Rule of Civil

4

Procedure 17(b), the capacity of governmental entities to sue or be sued is determined by the law of the state in which the district court sits. Avery v. Burke Cnty., 660 F.2d 111, 113-14 (4th Cir. 1981). This Court has specifically held that "the 'Sheriff's Office' is not a legal entity subject to suit under the law of North Carolina." Hargett v. Forsyth Cnty. Sheriff's Office, No. 1:03CV440, 2005 WL 4542859 at *2 (M.D.N.C. Sept. 29, 2005), aff'd, 172 Fed. App'x 27 (4th Cir. 2006).

Moreover, even if the Court considered the allegations against Defendant Sheriff's Office, they fail to state a claim upon which relief may be granted. Plaintiffs allege only that Defendant Sheriff's Office "threw Plaintiffs off their own property without ever going to court" and "unlawfully used imposters and fraud to create a puzzle scheme." It is clear from Plaintiffs' Complaint that there were foreclosure proceedings against their property. The fact that the Sheriff's Office did not go to court has no bearing on the propriety of the Defendant removing them from property that was foreclosed upon. The allegation regarding imposters is conclusory and non-sensical. Accordingly, all claims against Defendant Sheriff's Office should be dismissed.

D.     Burlington Police Department and City of Burlington

Defendant Burlington Police Department argues, as Defendant Sheriff's Office argued above, that it is not an entity capable of being sued under North Carolina law. (Mem. [Doc. #30] at 3.) Courts have held that municipal police departments do not have the capacity to be sued in North Carolina. Dupree v. City of Lexington Police Dep't., No. 1:12CV345, 2012 WL 1799193, at *6 n.12 (M.D.N.C. May 17, 2012); Wright v. Town of Zebulon, 688 S.E.2d 786, 789

(N.C. Ct. App. 2010) ("A municipal police department is a component of the municipality, and, therefore, lacks the capacity to be sued.") Accordingly, all claims against Defendant Burlington Police Department should be dismissed.

Defendant City of Burlington argues that all claims against it should be dismissed because Plaintiffs have failed to allege sufficient facts to state a claim and because of the public duty doctrine. Under the public duty doctrine, "'governmental entities have no duty to protect particular individuals from harm by third parties.'" Collum v. Charlotte-Mecklenburg Bd. of Educ., 614 F. Supp. 2d 598, 601 (W.D.N.C. 2008) (quoting Wood v. Guilford Cnty., 558 S.E.2d 490, 495 (N.C. 2002)). There are two exceptions to this doctrine: (1) when there is a special relationship between the plaintiff and the police; and (2) when a municipality creates a special duty by promising protection to an individual. Id.

Plaintiffs have not alleged any special relationship with the police or a promise of protection, therefore the public duty doctrine applies in this case. Therefore, Plaintiffs have not stated a claim for relief based on their allegation that the Burlington Police Department failed to help them when their car was stolen. Plaintiffs' other allegations related to the City of Burlington claim that the Burlington Police Department arrested Plaintiff Gail Clayton for entering her own home and broke into Plaintiffs' house based on the word of an imposter. Plaintiffs fail to allege any facts necessary to state a claim against the municipality for these discrete acts. See Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999) (setting out prerequisites for stating a claim against a municipality). Accordingly, all claims against Defendant City of Burlington should be dismissed.

E.      Plaintiffs' Motion to Amend

Plaintiffs filed a Motion to Amend their Complaint for a third time [Doc. #34]. They wish to add a cause of action and more defendants.[2] Specifically, Plaintiffs wish to add a cause of action "for a civil rights violation on 1985," and add as defendants Officer Dabbs (or Dobbs) of the Burlington Police Department and the state court magistrate who apparently issued an arrest warrant for Plaintiff Gail Clayton. (Motion [Doc. #34] at 1.) Plaintiffs state no other facts in support of their Motion to Amend.

Given the procedural posture of this action when Plaintiffs filed their Motion to Amend, they may amend only with Defendants' written consent (which they have not obtained) or the Court's leave. Fed. R. Civ. P. 15(a)(2). Although under Rule 15 leave should be freely granted when justice so requires, leave to amend may properly be denied due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

An amendment is futile if it would fail to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Syngenta Crop Prot., Inc. v. U.S. E.P.A., 222 F.R.D. 271, 278 (M.D.N.C. 2004). The standard for stating a claim for relief under Federal Rule of Civil Procedure 12(b)(6) is set out above.

---

[2] The Court notes that this is only one of many actions Plaintiffs have filed against various defendants based upon the foreclosures of their property. See Clayton v. Rogers, Townsend & Thomas, PC, No. 1:13CV595 (M.D.N.C.); Clayton v. Suntrust Bank, No. 1:11CV818 (M.D.N.C.) (remanded to state court on 2/11/2013); Clayton v. Branch Banking and Trust, No. 1:11CV783 (M.D.N.C.) (remanded to state court on 1/17/2013).

Plaintiffs wish to add a claim for a civil rights violation under 42 U.S.C. § 1985. There is no allegation of a section 1 or 2 violation, therefore Plaintiffs must be referring to section 1985(3). However, Plaintiffs have failed to allege any facts which allow the Court to draw a reasonable inference that any Defendant is liable for a violation of this section. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971) (setting out elements of a cause of action). Therefore, this attempted amendment is futile, and should be denied on that basis.

Plaintiffs' request to add the state magistrate as a defendant for actions performed in the course of his duties as a magistrate is also futile. See King v. Myers, 973 F.2d 354 (4th Cir. 1992). Additionally, Plaintiffs have not alleged any facts that would entitle them to injunctive relief against the state court magistrate.

Finally, Plaintiffs seek to add a police officer as a defendant. However, Plaintiffs fail to allege any specific acts committed by him. Therefore, Plaintiffs have failed to state a claim against Officer Dabbs or Dobbs, and their attempt to add him as a defendant is futile. Their request should be denied on that basis.

III.    CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendants' Motions to Dismiss [Doc. #23, #26, #29] be GRANTED, that all claims against Defendants City of Burlington, Clyde

Albright, Burlington Police Department, and Alamance County Sheriff's Office be dismissed, and that Plaintiffs' Motion to Amend Complaint [Doc. #34] be denied.

This, the 8th day of September, 2014.


                                                           /s/ Joi Elizabeth Peake         
                                                    United States Magistrate Judge